# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ENGINEERING RECYCLING MASCHINEN UND AN LAGEN GES.m.b.H, a foreign business association organized under the laws of the nation of Austria,

        Plaintiff,

vs.

PHILIPPE JULIEN; AMALE JULIEN-KASSAB,

        Defendants.

Case No. 2:16-cv-00267-JCM-GWF

**ORDER**

        This matter is before the Court on Plaintiff's Ex Parte Motion to Enlarge Time for Service and Motion for Leave to Effectuate Service by Publication (ECF No. 13), filed July 25, 2016.

        On February 10, 2016, Plaintiff filed its Complaint against Defendants. (ECF No. 1). Plaintiff attempted to effectuate service upon Defendants at their last known address on February 17, 2016. *See Motion* (ECF No. 13), pg. 5. Plaintiff failed to serve Defendants because Defendants' last known address was an UPS Store where Defendants maintain a post office box. *Id.* After failing to serve Defendants at their last known address, Plaintiff conducted a search of online records to attempt to locate alternate addresses for Defendants, but failed to find alternate addresses. *Id.* On May 10, 2016, Plaintiff filed its first request to extend time for service. (ECF No. 10). The Court granted Plaintiff a 75 day extension up to and including July 25, 2016 to effectuate service. (ECF No. 11). Subsequently, Plaintiff issued a subpoena to the UPS store located at Defendants' last known address for records pertaining to the post office box. *Motion* (ECF No. 13), pg. 5. Plaintiff received records in response to the subpoena that provided Defendants' current email addresses and that indicated that Defendants may have relocated to Beirut, Lebanon or Geneva,

Switzerland. *Id.* Plaintiff performed additional searches on a subscription database service that revealed Defendants may have relocated to London, England or Robina, Queensland, Australia. *Id.*

Plaintiff requests a 90 day extension to effectuate service upon Defendants. Pursuant to Fed. R. Civ. P. 6(b) and LR 6, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure — which governs the time limit of service — allows the court to grant an extension of time for service if the plaintiff can show good cause for the failure to timely serve a defendant. Here, the Court finds that Plaintiff has provided sufficient good cause to warrant the requested 90 day extension.

Plaintiff additionally requests leave to effectuate service upon Defendants by publication or, in the alternative or in combination with, leave to effectuate service by email. Pursuant to Fed. R. Civ. P. 4(e), the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. N.R.C.P. 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999). N.R.C.P. 4(e)(1)(ii) further states that service by publication is valid for "any action which relates to, or the subject of which is, real or personal property."

Fed. R. Civ. P. 4(f)(3) permits the Court to allow a plaintiff that seeks to serve an individual in a foreign country to serve the defendant through "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Service by email is permitted as substituted service under Rule 4(f)(3) when it is "the method of service most likely to reach" the defendant. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). The Ninth Circuit has held that service under Rule 4(f)(3) is neither a last resort not extraordinary relief. *Rio Properties*, 284 F.3d at 1015. The decision to allow alternative means of service under Rule 4(f)(3) is discretionary. *Haffner Int'l Mktg. Grp., Inc. v. Sahin*, 2013 WL 5954379, at *1 (D. Nev. Nov. 5, 2013).

Despite Plaintiff's diligence, Plaintiff has been unable to locate Defendants. Defendants' last known address is a post office box at 1445 American Pacific Drive, #304, Henderson, Nevada 89074. Plaintiff suggests service by publication via a local Nevada publication based upon Defendants' last known address. Plaintiff's search efforts have indicated that Defendants may have relocated to Beirut, Lebanon; Geneva, Switzerland; London, England or Robina, Queensland, Australia. Plaintiff's search efforts have also provided that Defendant Philippe Julien's email address is apj@wise.net.lb and apjulien@gmail.com. The Court finds that Plaintiff has demonstrated due diligence in attempting service on Defendants that would warrant permitting service by publication. In addition to service by publication, the Court further permits Plaintiff to serve Defendant Philippe Julien by email as a method reasonably calculated to apprise Defendant of the pendency of the action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion to Enlarge Time for Service and Motion for Leave to Effectuate Service by Publication (#13) is **granted**. Defendants Philippe Julien and Amale Julien-Kassab may be served by Plaintiff through publication of the summons and complaint in this case at least once a week for four (4) consecutive weeks in Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff may serve a copy of the summons and complaint on Defendant Philippe Julien by email at apj@wise.net.lb or apjulien@gmail.com.

**IT IS FURTHER ORDERED** Plaintiff shall have until **October 24, 2016** to effectuate service on Defendants Philippe Julien and Amale Julien-Kassab and to file proof of service.

DATED this 3rd day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge